J-S66003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KYLE WUNDER | |
| Appellant | No. 623 MDA 2016 |

Appeal from the PCRA Order April 1, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004642-2012

BEFORE:  BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Kyle Wunder appeals from the April 1, 2016 denial of his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  We affirm and grant counsel's petition to withdraw.

On July 12, 2013,  Appellant entered guilty pleas to murder, robbery, burglary, and two counts of criminal conspiracy.  The guilty pleas stem from Appellant's participation in the shooting death of Douglas Herr during the burglary of decedent's residence in Lancaster County.  In return for the plea of guilty to first-degree murder, the Commonwealth agreed to forgo seeking the death penalty.  The trial court accepted the plea, and on August 15, 2013, it imposed life imprisonment for murder and current sentences of

imprisonment for the remaining offenses. Appellant did not file a direct appeal.

On August 28, 2014, Appellant filed a timely *pro se* PCRA petition asserting trial counsel's ineffectiveness for: (1) failing to investigate the Commonwealth's purported offer to reduce the grading of the homicide to second-degree murder and (2) ignoring his request to file a direct appeal. The PCRA court appointed Heather Adams, Esquire to represent Appellant during the PCRA proceedings, and counsel honed Appellant's claims in an amended petition.

Following an evidentiary hearing, wherein trial counsel, Jeffery Conrad, Esquire, testified regarding his representation of Appellant during the plea and sentencing proceedings, the PCRA court denied relief. The PCRA court reasoned that, since the purported plea offer did not exist, Appellant knowingly entered his plea to first-degree murder. As to the second component of Appellant's ineffectiveness claim, the PCRA court noted that Appellant and Attorney Conrad proffered conflicting testimony disputing whether Appellant requested an appeal. Rather than make a credibility determination in favor of either witness, the PCRA court denied relief based upon its reasoning that Appellant could not articulate a meritorious issue that he would have raised on direct appeal.

On March 11, 2016, this Court endorsed the PCRA court's determination that the plea to first-degree murder was knowing and

voluntary; however, we vacated the order denying PCRA relief because the PCRA court's rationale for rejecting Appellant's second ineffectiveness claim was contrary to the well-ensconced principle our Supreme Court espoused in ***Commonwealth v. Lantzy,*** 736 A.2d 564 (Pa. 1999). Stated plainly, "an unjustified failure to file a direct appeal upon request is prejudice *per se*, and . . . a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief." ***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006). Under those facts, "no discussion of the potential merit of any claims is necessary." ***See Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa.Super. 2011). Thus, we found that the PCRA court erred in deferring its fact-finding regarding whether Appellant established that he requested the appeal and remanded the case for the PCRA court to make the necessary determinations of fact and credibility. ***See Commonwealth v. Wunder***, 2016 WL 941921 (Pa.Super. 2016) (unpublished memorandum filed March 11, 2016).

On April 1, 2016, the PCRA court entered an opinion and order, wherein it stated its finding that Attorney Conrad's testimony was credible and its conclusion that Appellant did not request that counsel file a direct appeal. This timely appeal followed.

On May 31, 2016, Attorney Adams filed with this Court a petition to withdraw from representation[1] and a self-styled "***Turner***/***Finely*** Brief".[2] As a preliminary matter, we must address whether Attorney Adams has met the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). ***Turner/Finley*** requires counsel to conduct an independent review of the record before a court can authorize an attorney's withdrawal. Counsel must then file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. ***Commonwealth v. Freeland***, 106 A.3d 768 (Pa.Super. 2014) (citations omitted). Counsel is required to contemporaneously serve upon his client his no-merit letter and application

---

[1] This is Attorney Adams's second request to withdraw from representation. She filed her initial petition to withdraw during Appellant's first appeal from the order denying PCRA relief. As it was not certain at that juncture whether Appellant's ineffectiveness claim was meritless, we denied her petition. ***See Commonwealth v. Wunder***, 2016 WL 941921 (Pa.Super. 2016) (unpublished memorandum at 14).

[2] Attorney Adams's current filing is representative of a brief required by ***Anders v. California***, 386 U.S. 738 (1967), which outlines the procedure to withdraw from a direct appeal. The proper procedure to withdraw in post-conviction relief matters is to submit a no-merit letter pursuant to the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). As our jurisprudence views the ***Anders*** procedures as affording greater protection than those prescribed under ***Turner/Finley***, we overlook counsel's misstep. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

to withdraw along with a statement that, if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. *Id*. at 774. Thereafter, the reviewing court must conduct its own independent evaluation of the record and agree with counsel that the petition is meritless.

Here, we find that counsel has substantially complied with the requirements of *Turner/Finley*. Counsel represented that she reviewed the record, docket entries, the case files, and the relevant legal authority. She advised Appellant in a letter that she could not identify any issues of arguable merit, furnished him with a copy of her petition to withdraw and the appellate brief explaining why his claim was meritless, and advised him that he had the right to retain other counsel or represent himself *pro se* and file a response to the petition to withdraw. Appellant did not file a response.

Counsel presents the following question for our review: "Whether trial counsel was ineffective for failing to file an appeal on behalf of Appellant." *Turner/Finley* brief at 4. Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

As we outlined, *supra*, the crux of Appellant's contention is that he directed trial counsel to file a direct appeal on his behalf and trial counsel ignored his request. We briefly reiterate the following legal principles that are pertinent to our review:

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999). . . . However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.Super.1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. **Id.**

**Spencer**, **supra** at 842. Thus, Appellant is entitled to relief so long as he pled and proved that he requested Attorney Conrad to file a direct appeal and that his request was unjustifiably ignored.

In rejecting Appellant's claim, the PCRA court concluded that Attorney Conrad testified credibly that Appellant did not request that he file a direct appeal. The certified record sustains the court's credibility determination. During the evidentiary hearing, Appellant testified, albeit cryptically, that he requested counsel to file a direct appeal on his behalf.

Q. After you were sentenced, did you speak with [Attorney Conrad] at all in regards to this appeal?

A. I know we spoke, but I can't recall on exactly what it was.

Q. Okay. . . . Do you recall any specific conversation you had with Attorney Conrad in regards to an appeal to the Superior Court, to a higher court about your sentence?

A. I can't recall exactly, but I can recall talking about it, that I . . . asked him that he file any paperwork that we can for relief and reconsiderations.

Q. Okay. And was anything ever filed on your behalf?

A. No.

N.T., 2/24/15, at 8-9.

In contrast to Appellant's intimation, Attorney Conrad testified during the PCRA hearing that Appellant declined to request a direct appeal. He explained,

So we had talked about the fact that[,] if he did . . . plead guilty, there would be almost no basis [to appeal] whatsoever. Unless something went wrong in the courtroom . . . , there would be no basis for appeal.

And that's, in fact, how it went down. We talked about that. We came in here and pled guilty. And I chatted with [Appellant] just afterward and talked about, you know, appeal? ["]Nah["] I think was his exact word, ["]nah["], n-a-h. There was no basis for an appeal in my opinion and he did not see one.

*Id*. at 29-30.

Thereafter, Attorney Conrad reiterated that he recalled having a conversation with Appellant in the holding cell after the sentencing hearing where he discussed whether to file an appeal. *Id*. at 30. Again, he disputed that Appellant made a blanket statement to "file for any relief you can[.]" *Id*.

Later, the following exchange occurred between Attorney Conrad and the PCRA court.

> Just to be clear, you never had any discussions with [Appellant] after sentencing about any desire he may have had to file an appeal in this case for whatever reason? I mean, I understand what you said about the inadvisability of doing that, but even beyond that, did you ever have any conversations with [him] about his desire to file an appeal?
>
> [Attorney Conrad]: Just back in the holding cell, your Honor, afterwards. I routinely go back and see a client[.]
>
> Q. Did he indicate to you any interest in filing an appeal for any reason?
>
> A. No, Your Honor. No.
>
> Q. Did you, at any time prior to receipt of this PCRA petition, have any indication from him contrary to that?
>
> A. No. No, Your Honor.

*Id*. at 37-38.

As the record supports the PCRA court's decision to credit Attorney Conrad's testimony that Appellant did not request a direct appeal instead of Appellant's contrary testimony, that credibility determination is binding on this Court. Accordingly, we must conclude that an appeal was not requested and that the PCRA court correctly denied reinstatement of Appellant's direct appeal rights. **See Markowitz**, **supra** (affirming PCRA court's credibility determination that petitioner did not request direct appeal).

After independent review of the record, we find no meritorious issues that have been preserved for our review. Hence, agree with counsel that the petition is meritless.

Petition of Heather Adams, Esquire, to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016