J-S36004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RASHEED TAWAN LAWRENCE | |
| Appellant | No. 1285 EDA 2015 |

Appeal from the PCRA Order December 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005731-2009

BEFORE: PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 13, 2017**

In an action under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, trial counsel's unjustified failure to file a requested direct appeal constitutes prejudice *per se* and the petitioner's direct appeal rights must be reinstated *nunc pro tunc*. To be entitled to relief, however, the petitioner must plead and prove this allegation. And the proof very often turns on a credibility determination made by the PCRA court after an evidentiary hearing—did the petitioner *really* request the filing of a direct appeal? The PCRA court often makes this determination after hearing two opposing testimonies: the petitioner's ("I requested a timely appeal.") and trial counsel's ("Petitioner made no such request.").

That is what happened here. And the PCRA court resolved the conflicting testimony in trial counsel's favor. In this appeal from the order

denying Appellant Rasheed Tawan Lawrence's PCRA petition, counsel, John Belli, Esquire, has filed a petition to withdraw and an **Anders** brief.[1] The brief identifies Lawrence's claim, that the PCRA court erred in denying his request to have his direct appeal rights reinstated, and explains why it is without merit, given that the PCRA court's credibility determinations are unassailable. We affirm and grant the petition to withdraw.

In April 2011, the trial court sentenced Lawrence to an aggregate term of imprisonment of six to twelve years for his convictions of rape and corruption of minors. Lawrence filed, *pro se*, a timely PCRA petition. The petition alleged that, after discussing his options, trial counsel, Michael Graves, Esquire, assured Lawrence he would file a post-sentence motion and, if necessary, a direct appeal and that Attorney Graves did neither. The PCRA court appointed counsel who later filed an amended petition mirroring the claims made in the *pro se* petition. The PCRA court held an evidentiary hearing on October 3, 2014.

---

[1] The dictates of **Anders v. California**, 385 U.S. 738 (1967), apply only on *direct* appeal, not on *collateral* review. Counsel files an **Anders** brief on direct appeal when he determines the appeal is "wholly frivolous." **Id**., at 744. When counsel seeks to withdraw from representation on collateral appeal, the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), apply and counsel files a "no-merit" letter. We, however, may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no-merit" letter because an **Anders** brief provides greater protection to a defendant. **See**, **e.g.**, **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will regard the **Anders** brief as a **Turner**/**Finley** brief.

At the hearing, Lawrence related that immediately after sentencing he requested Attorney Graves to "send in a direct appeal right away" and counsel further assured him "he would take care of everything for me." N.T., PCRA Evidentiary Hearing, 10/3/14, at 7. Attorney Graves testified he discussed the possibility of an appeal with Lawrence, but cautioned him "that there hadn't been any errors in the trial," "that the sentence was within the guideline range," and that the case came down to credibility determinations "that, unfortunately, … didn't go our way." *Id*., at 17. In short, there were no appealable issues. Attorney Graves further explained that Lawrence "listened to that, and I didn't hear back from [him] within that 30 day period." *Id*., at 19. He noted that he never told Lawrence he "would take care of everything." *Id*., at 23. And he "would have filed" an appeal if requested to do so. *Id*., at 26. But there was no such request.

The court subsequently denied the PCRA petition. Thirty days passed after the filing of the order and Lawrence failed to file an appeal. On February 4, 2015, PCRA counsel filed a PCRA petition seeking the right to appeal the order denying the petition *nunc pro tunc*. In the petition, PCRA counsel explained the failure to file an appeal was his mistake. The PCRA court then entered an order reinstating the appeal rights. This *nunc pro tunc* appeal followed.

As noted, Attorney Belli has petitioned for permission to withdraw. He has complied with the mandated procedure for withdrawing as counsel. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009) (setting forth

- 3 -

*Turner*/*Finley* requirements). Lawrence has not filed a response to counsel's petition to withdraw.

Attorney Belli has identified just one issue in the *Turner*/*Finley* brief Lawrence believes entitles him to relief: The PCRA court erred in denying his request to have his direct appeal rights reinstated. We now independently review this claim to ascertain whether it entitles him to relief. It does not.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted). Important to the resolution of this case, "we are bound by the PCRA court's credibility determinations where there is record support for those determinations." *Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004) (citation omitted).

As mentioned, Lawrence's claim is that trial counsel rendered ineffective assistance by failing to file a requested direct appeal. To succeed on this claim, Lawrence must establish, by pleading and proving, that the underlying issue has arguable merit; that counsel's actions lacked an objective reasonable basis; and that actual prejudice resulted from counsel's act or failure to act. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012).

"Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored." *Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006) (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999)). This is because "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and such failing constitutes prejudice *per se*. *Lantzy*, 736 A.2d at 572 (footnote omitted). However, "relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request." *Spencer*, 892 A.2d at 842 (citation omitted).

Here, Lawrence pled this particular ineffective assistance claim in his amended PCRA petition. And he attempted to prove this claim at the evidentiary hearing. Indeed, he testified, as set forth in detail above, that he requested the filing of a direct appeal. But trial counsel testified, also as set forth in detail above, that he consulted with Lawrence about the prospects of an appeal—and Lawrence never requested the filing of a direct appeal.

The PCRA court resolved this conflicting testimony in favor of trial counsel and against Lawrence. There is record support for the PCRA court's credibility determinations. Provided this support, we defer to those determinations. *See*, *e.g.*, *Santiago*, 855 A.2d at 694; *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*).

Since the record contradicts Lawrence's assertion that trial counsel ignored his timely request to file a direct appeal, we affirm the PCRA court's order dismissing his PCRA petition and we grant Attorney Belli's petition to withdraw as counsel. Our independent review of the certified record does not reveal any other meritorious issues.

Order affirmed. Petition to withdraw as counsel granted.

President Judge Emeritus Ford Elliott joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017