**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Maurice SPENCER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 2005.

Filed Jan. 25, 2006.

John J. McMahon, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: FORD ELLIOTT, LALLY–GREEN, and JOHNSON, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Maurice Spencer, appeals from the November 16, 2004 order dismissing his first petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, without a hearing. We affirm.

¶ 2 The relevant factual background and procedural history of this matter is as follows. On November 15, 2002, a jury convicted Appellant of robbery and possessing instruments of crime in connection with the September 14, 2001 robbery of an office building in Philadelphia. Appellant appeared only briefly for his trial; he left following jury selection, and he was tried *in absentia.* On March 7, 2003, the trial court sentenced Appellant *in absentia,* im-

posing an aggregate term of imprisonment of 12½ to 25 years.

¶ 3 No appeal followed. Instead, on February 18, 2004, Appellant filed the instant counseled PCRA petition. Pursuant to Pa.R.Crim.P. 907, on October 15, 2004, the PCRA court filed notice of its intent to dismiss the petition without a hearing. Thereafter, on November 16, 2004, the PCRA court dismissed Appellant's petition. This timely, counseled appeal followed.

¶ 4 Appellant raises one issue on appeal:

Whether the PCRA Court erred in denying the [p]etitioner's PCRA [p]etition where counsel failed to file an appeal on behalf of the [p]etitioner without explanation?

Appellant's Brief at 5. Appellant asserts that even though he was willfully absent from trial and subsequent proceedings, he wanted counsel to file a direct appeal on his behalf and failure to do so constitutes ineffective assistance of counsel.

¶ 5 In reviewing the propriety of the PCRA court's order dismissing a petition for post-conviction relief, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795, 799, n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 6 We note the following relevant legal principles. The law presumes that counsel rendered effective assistance. *Commonwealth v. Brooks,* 576 Pa. 332, 839 A.2d 245, 248 (2003). In order to prevail on an ineffectiveness claim, therefore, Appellant must demonstrate that: (1) the un-

derlying claim is of arguable merit; (2) counsel had no reasonable basis for the course of conduct in question; and (3) he suffered prejudice as a result of counsel's ineffectiveness, *i.e.,* there is a reasonable probability that but for counsel's act or omission in question, the outcome of the proceeding would have been different.

¶ 7 Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy,* our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se,* and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa.Super.1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. *Id.*

¶ 8 The PCRA court denied Appellant's claim and concluded that since Appellant was a fugitive during the 30–day appeal period he was not entitled to file an appeal after the appeal period concluded. The PCRA court also found that Appellant failed to demonstrate that he requested trial counsel to file a direct appeal on his behalf.

¶ 9 Herein, the record reflects that Appellant failed to satisfy his burden of proof. Appellant neither pled nor attempted to prove that counsel ignored his request to file a direct appeal. Instead, Appellant merely leveled the bare allegation that at the time of his sentencing *in absentia,* "[he] wanted his attorney to file an appeal

on his behalf." Appellant's Brief at 8, 9. Significantly, Appellant has never asserted that he requested trial counsel to file an appeal at any point before the appeal period concluded. Accordingly, we conclude that Appellant's bare assertion that counsel ignored his desire to file an appeal does not warrant the reinstatement of appellate rights pursuant to *Lantzy.* See, *Harmon, supra* (mere allegations will not suffice to prove that counsel ignored petitioner's request to file appeal).

¶ 10 In addition, as the PCRA court accurately observed, the period to file a direct appeal had concluded by the time Appellant was finally apprehended and informed of the judgment of sentence. In *Commonwealth v. Deemer,* 550 Pa. 290, 705 A.2d 827, 829 (1997) (footnote omitted), our Supreme Court discussed the post-trial rights of a fugitive who has returned to court as follows: "In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may." Pursuant to *Deemer,* Appellant's claim that trial counsel was ineffective for failing to file a timely direct appeal is, thus, meritless because Appellant was not captured until after the 30–day period to file an appeal had expired.

¶ 11 Since the record belies Appellant's assertion that trial counsel ignored his timely request to file a direct appeal from the judgment of sentence, we affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

¶ 12 Order affirmed.