**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY STEVEN RIVERA-MOREL, | |
| Appellant | No. 421 MDA 2016 |

Appeal from the PCRA Order entered January 12, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division, at No(s): CP-22-CR-0002952-2013
CP-22-CR-0003366-212
CP-22-CR-0006033-2013

BEFORE: PANELLA, J., OLSON, J., PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 22, 2016**

Gregory Steven Rivera-Morel ("Appellant") appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows. On March 10, 2014, Appellant entered a negotiated guilty plea at three separate dockets to various charges including robbery, simple assault, a firearm violation, and intimidation of a witness. On June 25, 2014, the trial court sentenced Appellant, in accordance with the plea agreement, to an aggregate term of

---

* Retired Senior Judge assigned to the Superior Court.

seven to fourteen years of imprisonment. Appellant filed neither a post-sentence motion nor a direct appeal.

On March 23, 2015, Appellant filed a timely *pro se* PCRA. The PCRA court appointed counsel and PCRA counsel later filed a supplemental PCRA petition requesting the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The PCRA court held an evidentiary hearing. Appellant presented his own testimony and rebuttal testimony from his mother. Appellant's trial counsel also testified.  At the conclusion of the hearing, the PCRA court took the matter under advisement. The PCRA court ultimately dismissed Appellant's PCRA petition. This timely appeal follows.

Appellant raises one issue for our review: "Whether [trial] counsel provided deficient performance when counsel failed to file a Notice of Appeal, even though Appellant plead guilty, effectively denying Appellant his Constitutional right to direct appeal." Appellant's Brief at 3.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

It is well settled that

[t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted).

Appellant claims that he is entitled to the reinstatement of his direct appeal rights because he twice asked trial counsel to file an appeal, but was told that, by entering a negotiated guilty plea, he forfeited his appellate rights. As this Court has summarized:

Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy*, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is only appropriate where the petitioner plead and proves that a timely appeal was in fact requested and that counsel ignored that request. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

*Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006).

In the present case, the PCRA court heard the testimony from Appellant and his mother in support of his claim that he timely requested trial counsel to file appeal and that trial counsel told him he forfeited his right to do so because he entered a negotiated guilty plea. Conversely, trial

counsel testified that Appellant never made such a request and that she never told him he forfeited his appellate rights by pleading guilty. The PCRA court resolved this matter of credibility against Appellant:

> This [c]ourt finds that [Appellant's] veracity is in question in light of his admission that he failed to read his guilty plea colloquy and failed to question counsel or the court on any matters he did not understand. It is quite clear from the record that his appeal rights were presented to him orally by [trial counsel] prior to and during his court appearance to plead guilty and in the written plea colloquy. Further, this [c]ourt finds [trial counsel's] testimony credible that she discharged her duty to inform [Appellant] of his appeal rights on multiple occasions but he failed to request that an appeal be filed. Furthermore, had [Appellant] forgotten to make such a request during his sentencing hearing, [trial counsel] followed up with a letter outlining his rights and met with his mother on more than one occasion which presented additional opportunities during which he could have sent a message to counsel regarding his desire [to file an appeal].
>
> In conclusion, this [c]ourt finds that [Appellant's] claim of ineffective assistance of counsel is without merit. Trial counsel did not fail to file a direct appeal; rather, the evidence shows that [Appellant] did not request that counsel take such action. Therefore, the instant Petition should be dismissed.

PCRA Court's Opinion 1/12/16, at 5-6.

There is record support for the PCRA court's credibility determinations. Where there is such support, "we, as a reviewing court, are bound by those determinations." *Commonwealth v. Abu-Jamal*, 720 A.2d 70, (Pa. Super. 1998) (citation omitted). *See also Reyes-Rodriguez*, 111 A.3d at 779; *Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016