J-S55043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA

           Appellee           :

                               :

             v.                     :

                               :

ELIJAH FOSTER,                 :

                               :

           Appellant        :     No. 2003 MDA 2016

Appeal from the PCRA Order November 29, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002627-2014

BEFORE:  DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED OCTOBER 13, 2017**

Elijah Foster (Appellant) appeals from the November 29, 2016 order denying his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking reinstatement of his post-sentence motion and appellate rights. We affirm.

On February 17, 2015, Appellant pled guilty to aggravated assault. Appellant's plea was entered pursuant to an open plea agreement, whereby Appellant and the Commonwealth agreed, *inter alia*, that the Commonwealth would withdraw the charges of aggravated assault – injury with deadly weapon, and robbery – inflict serious bodily injury, in exchange for Appellant's pleading guilty to aggravated assault.  The parties left sentencing to the discretion of the sentencing court.  On May 4, 2015, Appellant was

---

* Retired Senior Judge assigned to the Superior Court.

sentenced to a term of four to ten years of incarceration. Appellant did not file post-sentence motions or a direct appeal.

On January 7, 2016, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. By order of November 29, 2016, the PCRA court denied Appellant PCRA relief. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant asks us to decide whether the PCRA court erred by denying Appellant's amended PCRA petition, which alleged that Appellant's plea counsel rendered ineffective assistance by not filing a post-sentence motion or appeal on Appellant's behalf. Appellant bases his argument upon two theories: (1) counsel was ineffective *per se* because counsel failed to file a post-sentence motion and direct appeal after Appellant requested that she do so; and (2) counsel was ineffective because counsel failed to consult with him regarding the advantages and disadvantages of filing a post-sentence motion and/or appeal.[1] Appellant's Brief at 4.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. ***Commonwealth v. Orlando,*** 156 A.3d 1274, 1280 (Pa. Super.

---

[1] Although Appellant presents three issues for our consideration, his third issue, which alleges that counsel abandoned him at sentencing, is simply a restatement of his other two issues.

2017) (citation omitted). "A PCRA court's credibility findings are to be accorded great deference," and, if the findings are supported by the record, they are binding upon a reviewing court. **Id.**

We use the following standard to evaluate ineffective assistance of counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Appellant first contends that counsel was ineffective *per se* by failing to file a requested direct appeal. Regarding Appellant's contention that he told counsel to file an appeal of his sentence, but counsel failed to do so, we observe the following.

> In [**Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. Super. 1999)], our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. A mere allegation will not

- 3 -

suffice to prove that counsel ignored a petitioner's request to file an appeal.

***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006) (some citations omitted).

In the instant case, Appellant testified at the PCRA hearing that immediately following his sentencing hearing, his plea counsel had a conversation with him that lasted "like 25 minutes." N.T., 11/29/2016, at 5. According to Appellant, his plea counsel told him that he got four to ten years and asked him whether he wanted her to file a post-sentence motion or direct appeal challenging the "aspect of the sentence." ***Id.*** Appellant responded affirmatively, and counsel said, "okay, I will do it." ***Id.*** at 8. Despite asserting earlier in his testimony that the conversation lasted for 25 minutes, Appellant later testified that counsel did not consult with him regarding the merits of a motion or appeal, stating "[s]he just said that she will appeal it and that was it." ***Id.*** at 8-13. Appellant said he tried to call plea counsel one time after the sentencing hearing but did not get an answer. ***Id.*** at 6. He filed his PCRA petition after he realized that counsel did not file a post-sentence motion or appeal. ***Id.*** at 7.

In contrast, plea counsel denied that she asked Appellant whether he wanted to file an appeal in the manner Appellant described; she said she would not have done so because it was not her normal practice, especially because she believed an appeal of Appellant's open plea would have no merit. ***Id.*** at 31. Counsel acknowledged that Appellant was "shocked" and

unhappy with his sentence. *Id.* at 33, 36-37, 39. However, counsel does not recall Appellant asking her to file a post-sentence motion or appeal. *Id.* at 32, 35, 38, 44. According to counsel, her normal practice is to write a note if a client makes a request, but she did not have any notes indicating that Appellant requested a motion or appeal. *Id.* at 32, 44. Counsel admitted that she did not have a "specific recollection of everything that was stated," but testified that it was her practice to give every client the same "basic speech" after sentencing. *Id.* at 30. In that speech, counsel informs clients that there are ten days to "do reconsideration of sentence and then after that, 30 days for an appeal because I'm legally obligated to do that." *Id.* Counsel asserted that she did not hear from Appellant after the sentencing hearing. *Id.* at 34, 41-42.

In its Rule 1925(a) opinion, the PCRA court resolved the conflict between the testimony of plea counsel and Appellant in favor of plea counsel. The court determined that plea counsel was credible when she denied that Appellant had asked her to file an appeal and Appellant was not credible when he testified to the contrary. PCRA Court Opinion, 4/21/2017, at 4-5. The PCRA court's finding is supported by the record, and therefore, we must defer to this finding on appeal. *Orlando,* 156 A.3d at 1280. Because the PCRA court determined that Appellant did not directly ask his counsel to file an appeal on his behalf, his counsel was not ineffective *per se*

by not doing so. *See Commonwealth v. Markowitz*, 32 A.3d 706, 716

(Pa. Super. 2011). Thus, Appellant is not entitled to relief on this basis.[2]

Finally, Appellant claims in the alternative that counsel was ineffective

by failing to consult adequately with him about his post-sentence and

appellate rights.

> Pursuant to [*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)
> and *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super.
> 2001)], counsel has a constitutional duty to consult with a
> defendant about an appeal where counsel has reason to believe
> either (1) that a rational defendant would want to appeal (for
> example, because there are nonfrivolous grounds for appeal), or
> (2) that this particular defendant reasonably demonstrated to
> counsel that he [or she] was interested in appealing.

*Commonwealth v. McDermitt*, 66 A.3d 810, 815 (Pa. Super. 2013). In

these situations, counsel must make "a reasonable effort to discover the

defendant's wishes" and adequately consult with the defendant about the

"advantages and disadvantages of taking an appeal." *Flores-Ortega*, 528

U.S. at 478.

---

[2] To the extent Appellant is arguing that counsel was ineffective by failing to file a requested post-sentence motion, we conclude that the PCRA court did not err by rejecting this claim. As discussed *supra*, the PCRA Court did not believe Appellant requested his counsel to file a post-sentence motion. Moreover, even if he had, Appellant would have had to have pled and proven he was prejudiced by counsel's failure to file a post-sentence motion. *Commonwealth v. Reaves*, 923 A.2d 1119, 1127-30 (Pa. 2007). Prejudice in this context requires a showing that the post-sentence motion would have led to a reduction in the sentence, not that counsel's inaction negatively impacted a subsequent appeal by failing to preserve issues. *Id.* at 1128-29. Appellant has neither pled nor proven that there would have been a reasonable probability of a different outcome at sentencing if counsel had filed the requested post-sentence motion, and therefore he has failed to demonstrate the required prejudice.

"[O]nce a defendant establishes that counsel had a constitutionally imposed duty to consult, but failed to do so, he must also show that prejudice resulted from such failure." *Commonwealth v. Donaghy*, 33 A.3d 12, 15 (Pa. Super. 2011). In order to demonstrate prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

Appellant claimed in his amended PCRA petition that plea counsel was ineffective for failing to file a post-sentence motion and appeal after Appellant instructed her to do so. Amended PCRA Petition, 11/15/2016, at ¶¶ 14-22. Appellant did not claim in this petition, however, that plea counsel was ineffective for failing to consult with him about whether to file these pleadings. The two claims are distinct. *See Touw*, 781 A.2d at 1253 (noting that petitioner's claim that counsel was ineffective for failing to consult with him about whether to file an appeal "does not fit" within the rule articulated in *Lantzy* that counsel is ineffective *per se* when disregarding a request to file a direct appeal). Thus, Appellant's claim in his amended PCRA petition that counsel failed to file post-sentence motions or an appeal was not equivalent to a claim that counsel failed to consult with him about whether to file a motion or appeal.[3] Consequently, he has waived

---

[3] Appellant's citation to *Commonwealth v. Corley*, 31 A.3d 293, 296-97 (Pa. Super. 2011), in his amended petition does not preserve his claim. *(Footnote Continued Next Page)*

this claim. **See** Pa.R.Crim.P. 902(B) ("Failure to state such a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (holding that petitioner waived ineffectiveness-of-counsel claim by not raising it in PCRA petition and raising claim for the first time in Rule 1925(b) statement).

Based on the foregoing, the PCRA court did not err by dismissing Appellant's PCRA petition due to Appellant's failure to meet his burden in demonstrating plea counsel's ineffectiveness. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Amended PCRA Petition, 11/16/2015, at ¶ 18. **Corley** addressed a situation where the sentencing court permitted counsel to withdraw at the end of the sentencing hearing without appointing new counsel, leaving Corley without counsel for a possible post-sentence motion or appeal. **Corley** does not involve ineffectiveness of counsel based upon counsel's failure to consult adequately with his or her client.