J-S57004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

HAROLD ROBERT TITTLE

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 363 EDA 2017

Appeal from the PCRA Order April 26, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000560-2012
CP-45-CR-0000605-2013
CP-45-CR-0001117-2013
CP-45-CR-0001833-2012
CP-45-CR-0003003-2011

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                     **FILED OCTOBER 19, 2017**

Appellant, Harold Robert Tittle, appeals from the order entered in the Monroe County Court of Common Pleas, denying his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On May 21, 2013, Appellant pled guilty to five counts of driving under the influence ("DUI"). Appellant was then sentenced on October 28, 2013, to two years of state intermediate punishment. Appellant did not file a direct appeal; instead, Appellant filed a PCRA petition claiming ineffective assistance of counsel, which he later withdrew.

In 2015, Appellant absconded from the program and was charged in

Lehigh County with escape. On April 13, 2015, he was sentenced to 7 to 23 months' incarceration by a Lehigh County court. Because the state intermediate punishment was originally imposed on the DUI charges from Monroe County, Appellant was also resentenced on those charges. The Monroe County court imposed a new sentence of an aggregate 45 to 114 months' incarceration, with 624 days of credit time. The Department of Corrections subsequently requested clarification on whether the sentence was to run consecutively or concurrently to the sentence imposed in Lehigh County. The Monroe County court then issued an amended order on June 26, 2015, specifying that its sentence was to run consecutively to the Lehigh County sentence.

Appellant did not file a post-sentence motion or notice of appeal within thirty days of his resentencing. Thereafter, Appellant filed a motion for reconsideration of his sentence *nunc pro tunc*, limited to a request for additional time credit. The court granted Appellant's motion, and set a hearing date. Before the hearing, Appellant filed a *pro se* PCRA petition. Since Appellant's post-sentence motion for reconsideration of his sentence was still pending, the court denied Appellant's PCRA petition. At the reconsideration hearing on May 28, 2015, the court granted Appellant's motion for reconsideration of sentence, and granted him an additional 127 credit days against his sentence for time previously served.

Appellant then filed the instant, timely PCRA petition. The court appointed counsel. PCRA counsel filed an amended petition alleging ineffective

assistance of sentencing counsel, based on sentencing counsel's failure to file a post-sentence motion or direct appeal. Following a hearing, the court denied Appellant's PCRA petition on April 26, 2016. Appellant did not file an appeal. On October 21, 2016, Appellant filed another *pro se* PCRA, alleging that PCRA counsel failed to file an appeal to the Superior Court. The PCRA court ultimately granted Appellant's subsequent petition and permitted him to file an appeal *nunc pro tunc* from the previously denied PCRA petition. Appellant's appeal is now properly before us.

Appellant alleges that sentencing counsel failed to file a post-sentence motion or direct appeal, despite Appellant's request to do so. Appellant argues that he is entitled to have his direct appellate rights reinstated *nunc pro tunc*. We disagree.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "We defer to the PCRA court's factual findings and credibility determinations supported by the record." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (citation omitted).

Counsel is presumed effective; thus, an appellant has the burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further:

> [An a]ppellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the … reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the … prejudice prong, [an a]ppellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

**Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011) (citations and quotation marks omitted). A failure to satisfy any prong of the test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

"Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored." **Commonwealth v. Spencer**, 892 A.2d 840, 842 (Pa. Super. 2006) (citing **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999)). This is because

"where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and such failing constitutes prejudice *per se*. **Lantzy**, 736 A.2d at 572 (footnote omitted). However, "relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request." **Spencer**, 892 A.2d at 842 (citation omitted).

With respect to post-sentence motions, counsel is not ineffective *per se* when she fails to file post-sentence motions. Rather, to obtain relief based upon counsel's failure to file post-sentence motions, a defendant must meet the traditional three-pronged test for establishing ineffective assistance of counsel. **See Commonwealth v. Reeves**, 923 A.2d 119, 1127-1132 (Pa. 2007). **See also Commonwealth v. Liston**, 977 A.2d 1089, 1093-1094 (Pa. 2009).

Instantly, the PCRA court heard testimony from Appellant's sentencing counsel. Sentencing counsel testified that Appellant did not ask her to file a post-sentence motion or direct appeal within the time limits. **See** N.T., PCRA Hearing, 4/4/16, at 10. Counsel stated that Appellant contacted her over 30 days after his May 28, 2015 resentencing, and asked counsel about additional time credits. **See id**., at 11. Counsel testified that she filed a motion for reconsideration of sentence limited to the time credit issue. **See id**. Counsel said that after the motion for reconsideration was granted and Appellant was

given the additional time credit, Appellant did not ask her to file anything else. *See id*., at 14. Curiously, Appellant did not testify at the PCRA hearing.

The PCRA court found credible counsel's testimony that Appellant did not ask her to file a post-sentence motion or direct appeal challenging his sentence. *See* PCRA Court Opinion, filed 4/26/16, at 6. The PCRA court also noted that Appellant was informed at his sentencing of his right to file a post-sentence motion or a direct appeal. *See id*. There is record support for the PCRA court's credibility determinations, and we defer to these. *See Reyes-Rodriguez*, 111 A.3d at 779. Thus, we affirm the PCRA's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017

- 6 -