J-S10011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JABRIL TOMONEY | : | |
| | : | |
| Appellant | : | No. 592 EDA 2017 |

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009271-2011

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 17, 2018**

Jabril Tomoney appeals from the January 13, 2017 order dismissing his PCRA petition as untimely.  We affirm.

On May 18, 2012, Appellant was tried in *absentia*, after absconding from the court on the first day of trial, and convicted by a jury of aggravated assault, criminal conspiracy, and three counts each of firearms not to be carried without a license and possession of instruments of crime.  The convictions stemmed from the May 11, 2011 gunfight he and a codefendant engaged in with Carmelo Ortiz in Philadelphia.  On May 21, 2012, the trial court sentenced Appellant in *absentia* to an aggregate sentence of fifteen to thirty years imprisonment.  Appellant did not file a direct appeal.  He remained a fugitive for four years, until he was arrested following a traffic stop on February 18, 2016.

On March 17, 2016, Appellant filed a counseled PCRA petition that alleged that trial counsel provided ineffective assistance by failing to secure his post-sentence and appellate rights. Following the Commonwealth's motion to dismiss the petition as untimely, Appellant filed an amended PCRA petition that remolded his argument to invoke the newly-discovered-fact exception to the PCRA time-bar under 42 Pa.C.S. § 9545(b)(1)(ii). The Commonwealth renewed its motion to dismiss, and the court issued notice of its intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. It ultimately dismissed Appellant's petition on January 13, 2017.

Appellant filed a timely notice of appeal and a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raised four issues that he reiterates on appeal as follows:

> I.     Did the PCRA court err in denying [Appellant's] request for an evidentiary hearing and relief on the issue of whether [his] discovery of prior counsel's abandonment [satisfied] the 42 Pa.C.S. § 9545(b)(1)(ii) exception to the one-year deadline for filing a PCRA petition?
>
> II.    Did the PCRA court err in not determining that prior counsel was ineffective for failing to make reasonable efforts to consult with [Appellant] about his post-sentence and appellate rights and to take step[s] to preserve these rights where [his] absence from trial did not constitute a waiver of his right to effective counsel?
>
> III. Did the PCRA court err in denying [Appellant's] request for an evidentiary hearing and in concluding that the discovery of the existence of an independent witness, who would have testified that petitioner shot the victim in self-defense, did not

- 2 -

constitute newly-discovered evidence within the meaning of 42 Pa.C.S. § 9545(b)(1)(ii)?

IV.    Did the PCRA court err in concluding that prior counsel was not ineffective for failing to object to the trial court's decision to issue a self-defense instruction to the jury after closing arguments where the court's instruction prejudiced [Appellant] in that it contradicted petitioner's theory of the case?

Appellant's brief at 4.

Our standard of review is well settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-83 (Pa. 2016) (quotation and citation omitted).

Appellant's first three issues pertain to the timeliness of his petition and therefore implicate our jurisdiction. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) ("[N]either this Court nor the trial court has jurisdiction over [an untimely] petition."). In order for a petition to be timely under the PCRA, it must be filed within one year of the date when the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed nearly four years after his sentence became final on June 20, 2012, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii), we cannot address the claims he asserts therein. The statutory exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not

have been ascertained with due diligence, and a new constitutional right held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i-iii).[1] Any claim based on an exception to the time-bar must be filed within sixty days of the date it could have first been presented. *Id*. at § 9545 (b)(2).

We address Appellant's first two assertions regarding counsel's ineffective assistance collectively. He contends that his PCRA petition falls within the timeliness exception for newly-discovered facts.[2] Specifically, Appellant asserts that, upon his arrest on the bench warrant, he discovered that trial counsel "abandoned" him by failing to zealously represent his post-

---

[1] These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[2] The second aspect of Appellant's argument concerns the merits of his ineffective assistance claim. However, since Appellant cannot overcome the PCRA time-bar, we do not address the merits of that assertion.

trial and appellate interests. Appellant's brief at 12-13. For the following reasons, no relief is due.

The § 9545(b)(1)(ii) exception requires the petitioner to establish (1) the facts upon which the claim was predicated were unknown, and (2) the facts could not have been discovered through the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

Appellant's claim fails for two reasons. First, the newly-discovered fact that Appellant invokes in this case does not support the ineffective assistance claim upon which his § 9545(b)(ii) exception is predicated. In ***Commonwealth v. Deemer***, 705 A.2d 827, 829 (Pa.1997), our Supreme Court addressed whether a fugitive forfeits post-trial and appellate rights *per se* and concluded that a defendant's fugitive status does not automatically bar review. The High Court explained,

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. . . . In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

***Id***. Accordingly, under the ***Deemer*** Court's framework, a fugitive must accept the procedural posture of the case as he finds it upon his apprehension.

Instantly, Appellant forfeited his post-appeal and appellate rights because he absconded from the court's jurisdiction for four years, well beyond the period to file post-trial motions or a direct appeal. *See Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa.Super. 2006), ("Pursuant to *Deemer*, Appellant's claim that trial counsel was ineffective for failing to file a timely direct appeal is, thus, meritless because Appellant was not captured until after the 30-day period to file an appeal had expired."). Hence, Appellant's discovery of counsel's purported inaction in failing to pursue appellate rights that Appellant forfeited does not render the instant petition timely.

More importantly, even if we ignore the disconnect between the newly-discovered fact that Appellant alleges and the argument he raised to excuse his untimely filed PCRA petition, the claimed timeliness exception fails because Appellant neglected to demonstrate that he exercised due diligence pursuant to § 9545(b)(1)(ii). *See Bennett*, *supra*. As we stated in *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations omitted), "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence."

We addressed a similar situation in *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001), and concluded that the PCRA petitioner's failure to exercise due diligence precluded him from relying upon § 9545(b)(1)(ii) to circumvent the PCRA's time requirements. In that case,

a petitioner invoked the newly-discovered-fact exception to the time bar by claiming that counsel ignored his request to file an appeal from the judgment of sentence. Since the judgment of sentence became final during 1995, and the PCRA petition was not filed until 1999, the trial court dismissed the petition as untimely. We affirmed, holding that the petitioner did not establish that he acted with due diligence during the interceding four-year period to discover his counsel's inaction. Specifically, we observed, "[a] phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests." *Id*. at 1168. The same rationale applies in the case at bar.

Assuming that counsel abandoned Appellant by failing to pursue his post-sentence and direct appeal rights, this claim fails because the abandonment could have been uncovered through the exercise of due diligence. Like the scenario we addressed in *Carr*, the fact of counsel's abandonment was easily ascertainable. Notwithstanding Appellant's status as a fugitive from justice, he or his designated friends or family members could have contacted his attorney, the clerk of courts, or the Superior Court Prothonotary to determine whether an appeal was filed on his behalf. Appellant did not pursue any of these reasonable options to protect his own interests. Instead, for more than four years, Appellant did nothing to investigate the status of his case until after he was apprehended on a bench warrant. This prolonged idleness belies any suggestion that Appellant

- 7 -

exercised due diligence to uncover the purported fact of counsel's abandonment. Thus, Appellant failed to establish the grounds to assert the newly-discovered-fact exception to the timeliness requirements.

Appellant's third contention is that the PCRA court erred in failing to conduct an evidentiary hearing to address a newly-discovered-fact claim regarding the discovery of an independent witness, Melvin Smith, who submitted an affidavit stating that he observed Appellant shoot at Carmelo Ortiz in self-defense and that he was prevented from coming forward earlier due to his subsequent imprisonment until May 2016. The implication of Appellant's claim is that he could not have determined that Mr. Smith witnessed the shootout through due diligence. Appellant continues that, since he filed the instant petition within sixty-days of the date that Mr. Smith made himself known as a witness, his claim qualifies as an exception to the time-bar. For the following reasons, we disagree.

Appellant's reliance upon Mr. Smith's testimony is unavailing. Plainly, the "fact" that forms the basis of Appellant's assertion is not Mr. Smith's presence at the shootout with Ortiz; rather, Appellant seeks to invoke Smith's testimony that Appellant acted in self-defense. However, the latter fact does not satisfy § 9545(b)(1)(ii). Indeed, as the circumstances of the gunfight were obvious to Appellant when it occurred, Appellant knew at the time of trial whether or not he had acted in self-defense. Thus, Appellant's newly-discovered-fact claim is not premised upon a previously unknown fact, but rather, a newly discovered source of reporting a previously known fact.

Accordingly, no relief is due. ***Commonwealth v. Robinson***, 185 A.3d 1055, 1063-64 (Pa.Super. 2018) (*en banc*) (rejecting newly-discovered-fact exception premised upon third-party affidavit noting trial counsel ineffectiveness because "Appellant always 'knew' that his counsel supplied ineffective advice, and he has failed to show why he could not have learned these newly-discovered facts at an earlier time").

For the foregoing reasons, we affirm the PCRA court's determination that Appellant's PCRA petition was untimely.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18

---

[3] As Appellant's PCRA petition is untimely and without exception to the PCRA time bar, we lack jurisdiction to address the merits of his remaining claim concerning trial counsel's ineffectiveness for failing to object to the trial court's jury instruction on self-defense.