J-S30020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN HERNANDEZ, | : | |
| | : | |
| Appellant. | : | No. 3477 EDA 2017 |

Appeal from the PCRA Order, September 25, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006041-2009.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 23, 2019**

Martin Hernandez appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On April 18, 2012, following a bench trial, the court convicted Hernandez on drug and related charges. On July 6, 2012, the court sentenced him to an aggregate term of three to six years of imprisonment. Hernandez filed neither post-sentence motions nor an appeal.

On August 5, 2013, Hernandez filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition, in which Hernandez asserted that trial counsel was ineffective for failing to file an appeal after he asked him to do so. On September 25, 2017, the PCRA court

held an evidentiary hearing at which both Hernandez and trial counsel testified. By order entered that same day, the PCRA court denied Hernandez's petition. This timely appeal followed.[1] The PCRA court did not require Pa.R.A.P. 1925 compliance.

Hernandez raises the following issue:

I. Did the PCRA court abuse its discretion in evaluating the testimony and in making its ruling?

Hernandez's Brief at 3.[2]

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process

---

[1] This appeal was remanded twice; once for the appointment of PCRA counsel and one for a determination of whether PCRA counsel abandoned Hernandez.

[2] Despite this Court granting the Commonwealth two extensions, the Commonwealth has not filed a brief in this appeal.

that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Hernandez claims that he is entitled to the reinstatement of his direct appeal rights because trial counsel failed to file a direct appeal, even though he requested him to do so. As this Court has summarized:

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy*, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements are satisfied, a defendant does not have to

demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

*Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006).

In support of this claim, Hernandez contends that his testimony that he requested trial counsel to file an appeal was uncontested. *See* Hernandez's Brief at 7. Given this fact, Hernandez further argues that counsel was *per se* ineffective and that the PCRA court applied the wrong standard when considering his testimony. *See id.* at 9.

Hernandez's testimony arguably was uncontested, in that trial counsel could not specifically recall whether, five years earlier, Hernandez had requested an appeal. Even if uncontested, however, the PCRA court must still find Hernandez's testimony credible. It did not. As the court stated at the conclusion of the evidentiary hearing:

> We heard testimony from [trial counsel], who's a 13 year attorney, hundreds of trials under his belt, very experienced. He was court-appointed in this matter as of July of 2012, and he testified credibly that he had the case investigated. He doesn't have a direct recollection of whether [Hernandez] requested an appeal or not, but he does have his file notations, which he relies on. There's no notation in the file of [Hernandez] either asking verbally or in written form for an appeal. There's no copies of any letters [Hernandez] claims that he wrote. At first [Hernandez] sat right in front of this Court and said that he attached one of those letters to his pro se PCRA [petition]. When confronted with the document, all of a sudden, no,

- 4 -

there is no letter, there's an affidavit. So there's no evidence of these letters existing. He changed his testimony right in front of the Court. The Commonwealth was able to get from [Hernandez] that [he] didn't ask family for any kind of follow up. There's nothing that exists to show that any of these verbal requests were made. There's, certainly, no evidence of the written letters.

So far as the Court is concerned, [Hernandez's] claim is not credible, his testimony is not credible that he requested [trial] counsel to make an appeal. He just didn't do it for no reason. He just didn't do it. So there's no reasonable basis the Court sees for counsel's failure to act. It's just a notice of appeal. Why would [counsel] not do it, just because? It's just not credible. So, accordingly, the Court will deny the PCRA [petition] on the basis that [Hernandez's] claim is just not credible. All right.

N.T., 9/25/17, at 30-32.

This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." *Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003); *see also* *Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's credibility determination is supported by the record, it cannot be disturbed on appeal).[3]

---

[3] In his brief, Hernandez asserts that the PCRA court "engaged in 'mind reading' when it attempted to figure out whether [he] was lying and then claimed that he was lying because he did not file his Pro Se Petition sooner." Hernandez's Brief at 7. As noted above, the PCRA court provided its reasons for disbelieving Hernandez's testimony. Moreover, contrary to Hernandez's claim, the *Lantzy* standard of *per se* ineffectiveness applies only when a PCRA court finds credible a PCRA petitioner's claim that counsel ignored his appeal request. That did not occur here.

In sum, the PCRA court correctly determined that Hernandez did not establish his claim of trial counsel's ineffectiveness. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/19