NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBI JO MACK | : | |
| | : | |
| Appellant | : | No. 486 WDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000947-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED JANUARY 7, 2020

Appellant, Bobbi Jo Mack, appeals from the post-conviction court's March 5, 2019 order denying her timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises two claims of ineffective assistance of counsel.  After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to the issues she raises on appeal.  The PCRA court summarized the procedural history of her case, as follows:

On September 30, 2016, Appellant entered a plea of [g]uilty to ... charge[s] of [a]ttempted [h]omicide[, conspiracy to commit rape by forcible compulsion,] and other related offenses.  On January 10, 2017, Appellant was sentenced on the [a]ttempted [h]omicide charge to a term of incarceration [of] not less than twenty (20) years nor more than forty (40) years.  Appellant was sentenced to incarceration [of] not less than five (5) years nor more than ten (10) years on the [c]harge of [c]onspiracy to [c]ommit [r]ape by [f]orcible [c]ompulsion.  The [c]ourt accepted the guilty pleas for all additional charges with no further penalty imposed.

Thereafter, on January 11, 2017, Appellant filed[,] through her [a]ttorney, a ["]Petition for Reconsideration of Sentence/Motion to Allow Defendant to Withdraw Plea.["] The [c]ourt granted the [p]etition for [r]econsideration of [s]entence and reduced the [aggregate] sentence to not less than seventeen and one half (17.5) years nor more than thirty five (35) years of incarceration. The [c]ourt denied the motion to allow Appellant to withdraw her plea. No direct appeal was filed.

Plea counsel, Attorney Mary Campbell Spegar, died on November 12[], 2017. Appellant filed a PCRA petition on December 11[], 2017. Counsel was appointed and an amended petition was filed on September 26[], 2018. A hearing was held on December 6[], 2018. The amended petition was denied on March 5[], 2019.

PCRA Court Opinion (PCO), 5/31/19, at 2-3 (footnote omitted).

Appellant filed a timely notice of appeal. She also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states two issues for our review:

1. Whether the PCRA [c]ourt erred in refusing to set aside Appellant's plea on the basis of ineffective assistance of counsel when Appellant's plea counsel failed to advise Appellant that her conviction would require her to register as a sex offender and … Appellant requested to withdraw her plea on that basis prior to sentencing, in a post[-]sentence motion, and in her [PCRA p]etition … and no evidence to the contrary appears of record[?]

2. Whether the PCRA [c]ourt erred in refusing to reinstate Appellant's right to appeal when … Appellant directed her plea counsel to appeal the [p]lea [c]ourt's denial of her request to withdraw her plea prior to sentencing and no evidence to the contrary appears of record[?]

Appellant's Brief at 4.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of

legal error." Commonwealth v. Morales, 701 A.2d 516, 520 (Pa. 1997) (citing Commonwealth v. Travaglia, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [Commonwealth v.] Colavita, ... 993 A.2d [874,] 886 [(Pa. 2010)] (citing Strickland [v. Washington, 466 U.S. 668 ... (1984)]). In Pennsylvania, we have refined the Strickland performance and prejudice test into a three-part inquiry. See [Commonwealth v.] Pierce, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. Commonwealth v. Ali, ... 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." Commonwealth v. Simpson, ... 66 A.3d 253, 260 ( [Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. See Ali, supra. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Colavita, ... 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Commonwealth v. King, ... 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation

marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" Ali, ... 10 A.3d at 291 (quoting Commonwealth v. Collins, ... 957 A.2d 237, 244 ([Pa.] 2008) (citing Strickland, 466 U.S. at 694....)).

Commonwealth v. Spotz, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant first contends that her plea counsel, Attorney Spegar, was ineffective by not explaining to Appellant that she would face registration requirements as a sexual offender by pleading guilty. According to Appellant, counsel's failure to ensure that she understood this consequence of entering her plea rendered it involuntary, unknowing, and unintelligent. Appellant insists that she would not have pled guilty had she known about the applicable registration requirements.

The PCRA court denied this ineffectiveness claim because it did not believe Appellant's testimony that Attorney Spegar failed to explain the registration requirements to her. While Attorney Spegar was deceased at the time of the PCRA hearing, the court observed that,

> [o]n January 17[], 2017, [Attorney] Spegar appeared before the [c]ourt on the ["]Petition for Reconsideration of Sentence/Motion to Allow Defendant to Withdraw Plea.["] She informed the [c]ourt that she explained [to Appellant] the ramifications of the plea as they would pertain to registration requirements. The [c]ourt, being familiar with [Attorney] Spegar for many years, has no doubts with regard to her credibility. We find the testimony of ... Appellant not credible in this regard.

PCO at 5 (footnote omitted).

The record supports the PCRA court's credibility determination. At the motions hearing on January 17, 2017, the court asked Attorney Spegar

several times whether she had explained the registration requirements to Appellant prior to her pleading guilty. See N.T. Hearing, 1/17/17, at 2-3. Attorney Spegar repeatedly confirmed that she had "[a]bsolutely" explained those requirements to Appellant during their multiple meetings before the plea proceeding. See id. Accordingly, we are bound by the court's credibility determination that Attorney Spegar informed Appellant of the sexual offender registration requirements she faced by pleading guilty. Commonwealth v. Abu-Jamal, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on [an appellate c]ourt."). Therefore, Appellant's first ineffectiveness claim is meritless.

Next, Appellant contends that Attorney Spegar acted ineffectively by not filing a direct appeal on her behalf. Appellant avers that "[p]er se ineffectiveness is the standard which governs PCRA claims where the defendant establishes that [s]he requested counsel to file a direct appeal and counsel disregards the request and fails to do so." Appellant's Brief at 17-18 (citing Commonwealth v. Lantzy, 736 A.2d 564, 571 (Pa. 1999)). Appellant states that she asked Attorney Spegar to file a direct appeal in order to challenge both her sentence and the court's denial of her post-sentence motion to withdraw her guilty plea, yet Attorney Spegar failed to file that appeal. Appellant argues that "[t]he PCRA court's decision [to deny this ineffectiveness claim] is erroneous and not supported by the record[,] as there

is no evidence to dispute Appellant's testimony that she requested counsel to appeal...." Appellant's Brief at 19.

Initially, Appellant is correct that,

[i]n Lantzy, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice per se, and if the remaining requirements are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief.

Commonwealth v. Spencer, 892 A.2d 840, 842 (Pa. Super. 2006). However, we went on in Spencer to note that, "such relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request." Id. (citing Commonwealth v. Harmon, 738 A.2d 1023, 1024 (Pa. Super. 1999)).

Here, the PCRA court held a hearing and considered Appellant's testimony that she requested an appeal. The court found that testimony unbelievable, which it was entitled to do, even though Attorney Spegar was not present to contradict Appellant's testimony. It is well-settled that "the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." Commonwealth v. Antidormi, 84 A.3d 736, 754 (Pa. Super. 2014) (citation omitted). Consequently, as with Appellant's first issue, we are bound to accept the PCRA court's credibility determination that she did not request that Attorney Spegar file a direct appeal. Thus, Appellant's second ineffectiveness claim also does not entitle her to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2020