J-A15015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JONATHAN ALVAREZ :
:
Appellant : No. 53 MDA 2018

Appeal from the PCRA Order December 5, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000433-2015

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 11, 2019**

Jonathan Alvarez appeals from the order entered in the Luzerne County

Court of Common Pleas dismissing his petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Further, Matthew

P. Kelly, Esquire, has filed an application to withdraw from representation and

a **_Turner_**/**_Finley_**[1] "no-merit" letter. We affirm and grant Attorney Kelly leave

to withdraw.

The relevant facts and procedural history are as follows. In October of

2014, Alvarez was charged with fleeing or attempting to elude a police officer,

accidents involving damage to attended vehicles or property, two counts of

driving while under the influence of alcohol or controlled substance ("DUI"),

_____

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988);
**_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

driving while operating privilege is suspended or revoked ("DUS"), and several summary traffic offenses.[2] These charges alleged that Alvarez, under the influence of marijuana, fled from the police at a high rate of speed, crashed his girlfriend's vehicle into a residence, and was later apprehended walking near the scene of the crash.

Despite the Commonwealth's offer of a plea deal, Alvarez proceeded to a jury trial. At trial, Alvarez denied driving his girlfriend's vehicle on the night of the crash. Instead, Alvarez's trial strategy was to claim he was at home asleep and that his friend, Jayo, had been the one to flee police and crash his girlfriend's vehicle. Despite initial indications she would not appear at trial, Alvarez's girlfriend testified that he confessed to driving her car and causing the accident. Alvarez was convicted on all but one DUI count, and the court sentenced him to an aggregate term of 45 to 84 months' imprisonment.[3] Alvarez did not file a direct appeal.

_____

[2] **See** 75 Pa.C.S.A. §§ 3733(a), 3743(a), 3802(d)(2) and 1543(b)(1.1)(i), respectively. Alvarez's summary charges included; (1) driving without lights to avoid identification or arrest, 75 Pa.C.S.A. § 3734; (2) reckless driving, 75 Pa.C.S.A. § 3736(a): (3) traffic-control signals, 75 Pa.C.S.A. § 3112(a)(3)(i); (4) duties at stop signs, 75 Pa.C.S.A. § 3323(b); and (5) driving on one-way roadway, 75 Pa.C.S.A. § 3308(b).

[3] Specifically, the trial court sentenced Alvarez to consecutive terms of 36 to 72 months' imprisonment for fleeing, 6 to 12 months' imprisonment for accidents involving damage, and 90 days for DUS. The trial court also imposed a concurrent term of 24 to 48 months' imprisonment for Alvarez's DUI conviction.

Instead, Alvarez filed a timely *pro se* PCRA petition. Through his petition, Alvarez alleged trial counsel's ineffectiveness for failing to file a direct appeal, failing to file a motion to suppress the results of the blood test utilized at trial, failing to challenge the blood test at trial, and for failing to properly advise Alvarez regarding the Commonwealth's plea offer. The PCRA court appointed PCRA counsel, and this matter proceeded to an evidentiary hearing. Following the denial of Alvarez's petition and the filing of his notice of appeal, the trial court appointed Attorney Kelly to replace initial PCRA counsel.

In lieu of an advocate's brief, Attorney Kelly has filed a ***Turner***/***Finley*** no-merit letter and application to withdraw as counsel. Thus, we must assess counsel's assertion that the issues Alvarez wishes to raise have no merit pursuant to the following standards.

> The ***Turner***/***Finley*** decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney[.]

***Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted) (some brackets in original). Attorney Kelly has served Alvarez with a copy of his no-merit letter, and the letter informs Alvarez of his right to retain private counsel or proceed *pro se*, and that he did not need to wait for this Court to rule on counsel's petition to act. Alvarez has not filed a response. We therefore turn to the merits of the issues Alvarez wishes to raise on appeal.

Alvarez raises four challenges to trial counsel's stewardship. We address each under the following standard of review. "[O]ur standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

We presume counsel's effectiveness, and a PCRA petitioner bears the burden of proving otherwise. ***See Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. ***See Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires

dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004). ). To establish counsel's ineffectiveness, a petitioner must demonstrate, by a preponderance of the evidence, that counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Spotz**, 18 A.3d at 260 (citation and internal quotation marks omitted). Further, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Alvarez first claims Charles G. Ross, Esq., who served as trial counsel, rendered ineffective assistance when he failed to file Alvarez's requested

appeal. "Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored." ***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006) (citing ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999)). This is because "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and such failing constitutes prejudice *per se*. ***Lantzy***, 736 A.2d at 572 (footnote omitted). However, "relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request." ***Spencer***, 892 A.2d at 842 (citation omitted).

Here, Alvarez pled his claim in his PCRA petition and attempted to prove this claim by testifying that he requested Attorney Ross to file a direct appeal on his behalf. ***See*** N.T., PCRA Hearing, 11/7/17, at 5. However, Attorney Ross adamantly denied this assertion. ***See id***., at 27. In ruling against Alvarez, the PCRA court accepted Attorney Ross's recollection as credible and accurate – and squarely rejected Alvarez's version of events. ***See*** PCRA Opinion, 3/2/18, at 4 (unpaginated). The record support this credibility determination. Thus, we are bound by the court's finding that Alvarez did not request a direct appeal. ***See Mason,*** 130 A.3d at 617. Alvarez's first claim of ineffectiveness fails.

Next, Alvarez raises two claims of ineffectiveness in relation to the Commonwealth's introduction of his blood test results. At trial, the Commonwealth presented evidence that Alvarez had marijuana in his blood stream shortly after the car accident. Alvarez argues trial counsel was ineffective for failing to either file a motion to suppress the blood test and/or cross-examine the Commonwealth's expert about the significance of the blood test results.

During the PCRA hearing, both Alvarez and Attorney Ross indicated that their *only* strategy for trial was to argue that Alvarez had not been driving the vehicle that fled police and crashed into a residence. **See** N.T., PCRA Hearing, 11/7/17, at 11, 24. Attorney Ross confirmed that Alvarez was in complete agreement with this strategy because no one other than Alvarez's girlfriend was able to identify Alvarez as the driver of the vehicle. **See id**., at 24-25. Attorney Ross indicated that he believed it was unlikely that Alvarez's girlfriend would testify. **See id**., at 30. Once she did, Attorney Ross decided not to abandon the strategy of denying Alvarez drove the vehicle because he believed changing strategy mid-trial would prove fatal to the case. **See id**., at 25. Further, because they both agreed on this strategy, Attorney Ross denied Alvarez ever asked him to file a suppression motion or do anything to challenge the DUI. **See id**., at 24. Attorney Ross indicated that filing a suppression motion or challenging the blood test at trial would have been contrary to their long-held strategy. **See id**., at 27.

After reviewing this testimony from the evidentiary hearing, the PCRA court rejected Alvarez's ineffective assistance claims in relation to the blood test because it found that the strategy employed by trial counsel was reasonable. Specifically, the PCRA court noted that

> the defense pursued by [Alvarez] was that he wasn't the operator of the vehicle. There was no reason for trial counsel to challenge the DUI if [Alvarez wasn't driving]. Even though [Alvarez] never told trial counsel he smoked marijuana after driving, that defense to the DUI charge would also be unreasonable based upon the defense strategy. …
>
> [Further, t]rial counsel testified that he did not believe suppression of the blood test results was warranted. If [Alvarez] wasn't operating the vehicle, the results of the blood test would be of no consequence… Trial counsel had a reasonable basis for failing to pursue suppression of the blood test results.

PCRA Court Opinion, 3/2/18, at 6 (unpaginated). After reviewing the record, we conclude the PCRA court's findings are well supported by the record. Alvarez agreed to a trial strategy that did not require challenging the admissibility of the blood test. Therefore, Alvarez has failed to prove the second prong of his ineffectiveness analysis, and his second and third claims on appeal, fail.

Finally, Alvarez challenges trial counsel's advice regarding the Commonwealth's plea offer. Alvarez claims Attorney Ross's miscalculation of his prior record score, and therefore possible sentence, coupled with his assertion that Alvarez could "beat the case," led Alvarez to erroneously reject the Commonwealth's offer of 9 – 23 months imprisonment. **See** N.T., PCRA Hearing, 11/7/17, at 8-10.

- 8 -

In order for a petitioner to establish that counsel's ineffectiveness caused the petitioner to reject a guilty plea, the petitioner must show that, but for the ineffective assistance of counsel, (1) there is a reasonable probability that the petitioner would have accepted the plea; (2) the prosecution would not have withdrawn the plea offer; (3) the court would have accepted its terms; and (4) that the conviction or sentence under the terms of the offer would have been less severe that the conviction and sentence that was actually imposed. ***See Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa. Super. 2015).

At the PCRA hearing, Alvarez testified that Attorney Ross failed to advise him of his possible sentences if he opted for trial. ***See*** N.T., PCRA Hearing, 11/7/17, at 9. The only information Alvarez claimed he received from Attorney Ross concerning his potential sentence was that the court could only give him "twenty something to whatever," based on Alvarez's prior record score of 4. ***See id***. Additionally, Alvarez claimed Attorney Ross assured him they could "beat the case," and therefore should go to trial. ***See id***.

Attorney Ross confirmed he initially operated under the mistaken belief that Alvarez had a lower prior record score. ***See id***., at 23. However, while his mistaken belief led him to inform Alvarez that his standard range sentences would be lower than they actually were, Attorney Ross testified that he thoroughly discussed all of the maximum sentences possible with Alvarez prior to proceeding to trial and believed Alvarez understood these maximums. ***See***

*id*., at 23. Further, despite Alvarez's claim, Attorney Ross denied convincing Alvarez that he should take the case to trial and instead testified that he repeatedly recommended that Alvarez take the Commonwealth's plea offer. *See id*., at 18-22. However, this advice was rebuked by Alvarez every time. *See id*.

Here, the PCRA court concluded Alvarez failed to establish that there was a reasonable probability that he would have accepted the plea offer if counsel had properly advised him of his possible sentences based on his prior record score. In reaching this conclusion, the PCRA credited Attorney Ross's testimony that he repeatedly advised Alvarez to take the plea deal, but that Alvarez refused. Once again, the record supports this credibility finding and we are bound by it. *See Mason,* 130 A.3d at 617. As the PCRA court determined the facts upon which Alvarez's claim rests are untrue –that Alvarez rejected the plea deal on the advice of counsel - Alvarez's claim lacks arguable merit. Alvarez's final issue on appeal is meritless. Our independent review of the certified record does not reveal any other meritorious issues. Accordingly, we affirm the PCRA court's order denying Alvarez's petition and grant Attorney Kelly's application to withdraw as counsel.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019