J-S42022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHASE EDWARD TURNER :
:
Appellant : No. 596 WDA 2022

Appeal from the PCRA Order Entered April 26, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001670-2018

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: FEBRUARY 28, 2023**

Appellant, Chase Edward Turner, appeals from an order entered on April 26, 2022 in the Criminal Division of the Court of Common Pleas of Cambria County that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history in this matter as follows.

> [Appellant] was charged by criminal information filed on February 12, 2019, and amended on December 7, 2020, at [trial court docket number CP-11-CR-0001670-2018] with homicide by vehicle while under the influence of alcohol or controlled substance[, 75 Pa.C.S.A. § 3735(a) – second degree felony,] (Count 1); aggravated assault by a motor vehicle while under the influence of alcohol[, 75 Pa.C.S.A. § 3735.1(a) – second degree felony,] (Count 2); [driving under the influence (DUI): general impairment/incapable of driving safely – third offense, 75

---

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S.A. § 3802(a)(1) – first degree misdemeanor,] (Count 3); DUI: highest rate of alcohol [-] third or subsequent offense[, 75 Pa.C.S.A. § 3802(c) – first degree misdemeanor,] (Count 4); recklessly endangering another person[, 18 Pa.C.S.A. § 2705 – second degree misdemeanor,] (Count 5); recklessly endangering another person[, 18 Pa.C.S.A. § 2705 – second degree misdemeanor,] (Count 6); false reports to law enforcement agencies[, 18 Pa.C.S.A. § 4906(a) – second degree misdemeanor,] (Count 7); driving on one-way roadway[, 75 Pa.C.S.A. § 3308(b) – summary offense,] (Count 8); reckless driving[, 75 Pa.C.S.A. § 3736(a) – summary offense,] (Count 9); and, driving on divided highways[, 75 Pa.C.S.A. § 3311(a) – summary offense,] (Count 10)[.]

This case arises out of a fatal motor vehicle collision that occurred May 30, 2018. [A jury found Appellant guilty of the foregoing charges] on May 25, 2021 and [he] was sentenced on June 22, 2021 to [served an aggregate term of incarceration of eight to 16 years.[1] Appellant] was represented at trial by [a]ttorneys Brian Manchester, Esq. and Karen Kuebler, Esq. [No direct appeal from Appellant's judgment of sentence was filed. Thereafter, Appellant filed a timely petition for collateral relief] on November 29, 2021. Counsel [was appointed and] filed an [a]mended PCRA [p]etition on December 21, 2021. The Commonwealth filed a [r]esponse in [o]pposition to the [a]mended PCRA [p]etition on December 28, 2021. [The PCRA court convened a] hearing on this matter [on] March 22, 2022 [and denied relief by order entered on April 26, 2022. This appeal followed.]

PCRA Court Opinion, 4/26/22, at 1-2.

On appeal, Appellant's sole claim is that the PCRA court erred in rejecting his claim that trial counsel was ineffective in failing to file a direct appeal. *See* Appellant's Brief at 4. At his PCRA hearing, Appellant acknowledged that, at sentencing, the court explained his post-sentence and

_____

[1] The court ordered Appellant to serve four and one-half to nine years in state prison for homicide by vehicle while driving under the influence followed consecutively by three and one-half to seven years for aggravated assault by vehicle while driving under the influence. All other sentences were imposed on a concurrent basis to these punishments.

direct appeal rights. **See** Appellant's Brief at 10, *citing* N.T. PCRA Hearing, 3/22/22, at 5-7. Appellant also testified that, approximately one to two days after the court imposed its sentence, Appellant asked trial counsel to file a direct appeal challenging the consecutive nature of his punishments for homicide by vehicle and aggravated assault by vehicle. **See** Appellant's Brief at 10. Appellant concludes that the PCRA court erred in determining that trial counsel was not ineffective in failing to file a requested appeal. **See id.** at 12.

Trial counsel offered a different version of events at Appellant's PCRA hearing. Counsel testified that, after the court imposed its sentence, she consulted with Appellant *via* telephone about his post-sentence and appeal options, including the unlikely prospects for success in any direct appeal. **See** N.T. PCRA Hearing, 3/22/22, at 12. According to counsel's testimony, Appellant indicated he did not wish to file an appeal. **See id.** Finally, counsel testified that, after receiving the court's sentencing order, her office sent Appellant a letter concluding the representation and reminding Appellant that he needed to contact her office promptly, given the impending deadline, if he wished to challenge his sentence. **See id.** at 13. Nothing in the record shows that Appellant responded to counsel's letter and counsel confirmed that the letter was not returned as undeliverable. **See id.** at 17. The PCRA court credited the testimony of trial counsel and denied relief, concluding that Appellant did not prove that he requested a direct appeal.

This Court has previously stated:

> In reviewing the propriety of the PCRA court's order dismissing a petition for post-conviction relief, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799, n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).
>
> We note the following relevant legal principles. The law presumes that counsel rendered effective assistance. **Commonwealth v. Brooks**, 839 A.2d 245, 248 (Pa. 2003). In order to prevail on an ineffectiveness claim, therefore, Appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the course of conduct in question; and, (3) he suffered prejudice as a result of counsel's ineffectiveness, *i.e.*, there is a reasonable probability that but for counsel's act or omission in question, the outcome of the proceeding would have been different.
>
> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999). In **Lantzy**, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. **Id.**

**Commonwealth v. Spencer**, 892 A.2d 840, 841-842 (Pa. Super. 2006) (parallel citations omitted); *see also Commonwealth v. Mojica*, 242 A.3d 949, 955 (Pa. Super. 2020), *appeal denied*, 252 A.3d 595 (Pa. 2021).

Appellant's argument essentially asks us to disregard the credibility determinations of the PCRA court. This court, however, is bound by the

credibility determinations of the PCRA court, particularly where those determinations find support in the record. ***See Mokica***, 243 A.3d at 956 (Superior Court may not disregard PCRA court's decision to credit testimony of trial counsel showing that petitioner did not request direct appeal where record supports court's determination). Because Appellant failed to establish that he requested a direct appeal, we conclude that the PCRA court's dismissal of Appellant's petition was supported by the record and free of legal error. As such, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023