J-S23022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN BROWN | : | |
| | : | |
| Appellant | : | No. 1767 EDA 2022 |

Appeal from the PCRA Order Entered June 13, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0007538-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 21, 2023**

Steven Brown appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized in detail the pertinent facts and procedural history as follows:

> [Brown] first went before [the trial court] on August 20, 2019, for a negotiated plea proceeding, where he was represented by [plea counsel]. At the beginning of the proceeding, [the court] went over the negotiated plea deal offered by the Commonwealth with [Brown]. [The court] also explained to [Brown], at length, that were he to be convicted at trial of the two (2) charges that encompassed the Commonwealth's negotiated plea deal, he could face a maximum sentence of sixteen (16) to forty (40) years [of] confinement on each charge, whereas were [Brown] to plead, the Commonwealth would recommend a sentence of four (4) to eight (8) years of confinement, followed by three (3) years of reporting probation with the Sex Offender's Unit of the probation department.

[Brown] stated that he wanted to negotiate the plea deal further. The Commonwealth explained that [plea counsel] had already attempted to negotiate a lower offer, but the current plea deal was the lowest the Commonwealth would permit. [The court] further relayed that should [Brown] move forward with trial, the Commonwealth would be proceeding with several other felony charges and that their plea offer would no longer be available to [him]. [The court] then permitted [Brown] to speak with [plea counsel] before deciding if he would accept or deny the plea offer. Accordingly, [the court] ensured that [Brown] was apprised of his options for how to proceed and was well-informed before ultimately deciding which route he was most comfortable proceeding with.

[Brown] first agreed to move forward with a negotiated no contest plea to Involuntary Deviate Sexual Intercourse (IDSI) and Unlawful Contact With Minor (Unlawful Contact). [The court] reviewed a written plea colloquy [Brown] completed with [plea counsel], in which [Brown] stated that he understood the maximum sentence for the two charges and what rights he was giving up by pleading no contest instead of going to trial. [The court] also conducted an extensive oral colloquy with [Brown], in which he agreed that he was pleading no contest of his own free will after having had an opportunity to fully discuss his case with [plea counsel].

Subsequently, the Commonwealth read out a summary of the facts forming the basis of [Brown's] no contest plea:

Had this case gone to trial, the complaining witness, [C.C.], would have testified that between the months of May 2018 and September 21st, 2018, while living on Judson Street in Philadelphia, [Brown], who is her biological uncle, did lick her vagina on multiple occasions, did stick his penis inside of her vagina on multiple occasions, and the last dated incident was on September 21st, 2018, when she disclosed to her mother, and the case was reported to the Special Victims Unit of the Philadelphia Police Department. . . . [C.C.] was thirteen (13) years of age and [Brown] was thirty-nine (39) years old.

After the Commonwealth finished reading out the summary of facts, [the court] saw [Brown] shaking his head and inquired about whether [Brown] was sure he wanted to accept the negotiated plea offer. While [he] confirmed that he wanted to

plead no contest, [the court] wanted to be sure that [Brown] was making the decision voluntarily, stating "People can plead guilty for all kinds of reasons; however, it has to be voluntary in my courtroom, and if you can't do it voluntarily, we'll have a trial and go from there. That's fine too. I don't force anybody to plead guilty." [The court] then permitted [Brown] to speak with [plea counsel] again regarding his decision. Thereafter, [plea counsel] advised that [Brown] was "indecisive in what he want[ed] to do," and requested the [court to] allow him to sleep on it. [The court] granted [Brown's] request and confirmed with [Brown] that he would be given until the following morning to decide whether he wanted to accept the plea deal or move forward with trial.

On August 21, 2019, [Brown] entered a plea to both IDSI and Unlawful Contact. [The court] incorporated the plea colloquy from the previous day and confirmed with [Brown] that he was pleading of his own free will and that he was satisfied with [plea counsel]'s representation. The Commonwealth then read the facts of the plea and [the court] confirmed with [Brown] that he was pleading no contest to those facts. [The court] then immediately proceeded to sentencing and accepted the negotiated plea, noting that the offer was appropriate after hearing from counsel and [Brown]. [The court] sentenced [Brown] to two (2) concurrent sentences of four (4) to eight (8) years [of incarceration], plus three (3) years of probation to be supervised by the Sex Offender Unit of the Philadelphia County Probation and Parole.

PCRA Court Opinion, 11/8/22, at 1-4 (citations and footnotes omitted). Brown filed neither a post-sentence motion nor a direct appeal.

On September 17, 2020, Brown filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on July 5, 2021, and a supplemental amended petition on August 11, 2021. In these filings, Brown claimed that his no-contest plea was not knowingly, voluntarily, or intelligently entered due to the ineffectiveness of plea counsel. Brown sought post-conviction relief in the form of a new trial, reinstatement of his post-sentence and appellate rights *nunc pro tunc*, and an evidentiary hearing.

The PCRA court held an evidentiary hearing on March 15, 2022. Both Brown and plea counsel testified. On May 5, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice notifying Brown that the issues raised in his petition were without merit. By order entered June 13, 2022, the PCRA court denied Brown's petition. This appeal followed. Both Brown and the PCRA court have complied with Pa.R.A.P. 1925.

Brown raises the following two issues on appeal:

1. Whether the [PCRA] court abused its discretion in denying [his] PCRA claim that his no-contest plea was not knowingly, intelligently, or voluntarily entered due to the ineffectiveness of [plea] counsel.

2. Whether the [PCRA] court abused its discretion by denying [his] Motion to Withdraw his [no-contest] plea and proceed to trial due to the ineffective assistance of counsel.

Brown's Brief at 2.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In both of his issues, Brown asserts the ineffectiveness of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process

that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Brown asserts that he repeatedly requested that plea counsel file various pre-trial motions and that he proceed to a jury trial, but plea counsel "insisted that he plead guilty to the charges." Brown's Brief at 10. According to Brown, because of plea counsel's inaction and her insistence, he "lost faith in his counsel and felt like he had no [choice] but to plead [no-contest] due to the ineffectiveness of his representation." ***Id.***

Regarding claims of ineffectiveness in relation to the entry of plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty

plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In its Rule 907 notice, the PCRA court provided a detailed summary of the testimony from plea counsel and Brown's testimony from the evidentiary hearing with regard to the filing of pre-trial motions, as well as a post-sentence motion to withdraw his no-contest plea and a subsequent appeal. The court explained:

> [Plea counsel] testified that she recalled visiting [Brown] while he was incarcerated and reviewing [Brown's] case with him. [Plea counsel] stated that she was prepared to go to trial. She testified that she did not file a motion to suppress because the search of [Brown's] cell phone was constitutional. [Plea counsel] also testified that she reviewed the Commonwealth's plea offer with [Brown] and that no one forced [Brown] to plead no contest. She testified that prior to the evidentiary hearing, she reviewed a series of correspondences she had with [Brown]. [The PCRA court] ordered [plea counsel] to provide the letters she had received from [Brown] as well as the letters she had sent to [him].
>
> At the evidentiary hearing, [Brown] testified that he was forced to plead guilty and that he lied under oath when asked if he was entering his plea voluntarily. [Brown] explained that he told [plea counsel] numerous times that he wanted to proceed to trial. [Brown] also stated that he sent [plea counsel] letters in which he requested that she file a motion to withdraw his plea and file an appeal.
>
> [Plea counsel] subsequently provided [the PCRA court] the documents she was ordered to provide. In the first letter, dated March 13, 2019, [plea counsel] requested permission from the warden to bring her computer and flash drive into the jail where [Brown] was being held to review a video with him. [Plea counsel] then received a letter from [Brown], dated July 8, 2019, in which he discussed the hearing [the trial court] held for the Commonwealth's motion to admit evidence of [Brown's] other crimes, wrongs, or acts. [Brown] also indicated his intention to file a Rule 600 motion.
>
> [Plea counsel] subsequently sent [Brown] a letter, dated July 25, 2019, in which she clarified that many of his pre-trial delays were the result of continuances requested by defense

counsel and that these delays would be excluded for purposes of evaluating a Rule 600 motion. [Plea counsel] also reiterated what she had explained during her prior visit with [Brown] on June 18, 2019, which was that Rule 600 for nominal bail would be viable but that it was highly unlikely [Brown] would be released.

[Brown] sent another letter, dated July 20, 2019, in which he included a Rule 600 motion and requested [plea counsel] to file it. [Brown] also stated that he would not take any deals and that [plea counsel] could help the jury see the truth by "putting some of [her] best lies in motion" and "make a great name" for herself. [Plea counsel] responded with a letter, dated August 6, 2019, in which she stated she would file the Rule 600 motion despite the risks associated with it. [Plea counsel] also clarified that she would work to achieve the best outcome on [Brown's] case without being party to any false or deceptive strategies. [Plea counsel] also provide[d] documentation indicating that she visited [Brown] on August 20, 2019, while he was incarcerated, in which she conveyed the Commonwealth's offer to [Brown] and reviewed discovery and trial strategy with him.

Rule 907 Notice, 5/5/22, at 3-5 (formatting adjusted).

Here, the PCRA court found no merit to Brown's claim that plea counsel's ineffectiveness caused him to enter an involuntary plea. The court explained:

Here, both oral colloquies conducted by [the trial court] with [Brown] and the written colloquy signed by [Brown] clearly established the voluntariness of [Brown's] plea. [He] was allowed time overnight to consider whether to accept the Commonwealth's plea offer. [Brown's] testimony at the evidentiary hearing that he lied, contradicting his previous statements made while under oath, is not a valid ground for the withdrawal of his plea. As [the court] stated in denying [Brown] relief: "What I find is that [Brown] regrets it, but it is not a basis for a withdrawal of his plea. I think it was knowing, it was voluntary, it was done intelligently with counsel and I do not believe that he was forced to do this."

Accordingly, [Brown's] contention that he felt pressured into accepting the plea deal offered by the Commonwealth due to [plea] counsel's refusal to file pretrial motions is without merit. Not only did the failure to file such motions result in no prejudice to [Brown], but [Brown] is also bound by the statements he made

during his plea colloquy and may not assert grounds for withdrawing the plea that contradict those statements. The record clearly establishes that [the court] performed two (2) oral colloquies with [Brown] on two (2) different days which ensured that [he] was knowingly, voluntarily, and intelligently entering a plea of no contest. [Brown's] first ineffective assistance of counsel claim is therefore without merit and no relief is due.

PCRA Court Opinion, 11/8/22, at 12-13 (citation omitted). Our review of the record supports the PCRA court's conclusion.

In arguing that the PCRA court abused its discretion in denying post-conviction relief on this issue, Brown's entire argument consists of the following single paragraph:

In the case at bar, [Brown] asserted his innocence and testified before [the court] at the PCRA hearing that the ineffectiveness of his [plea] counsel caused him to enter an involuntary and unknowing plea. [Brown] further averred in his Certification that he was innocent of the charges, that he wanted [plea counsel] to file and litigate a Motion to Dismiss the case based on a Speedy Trial Violation under *Rule* 600 and a Motion to Suppress the Search Warrant of his cell phone.

Brown's Brief at 13.[1]

Despite the brevity of Brown's argument, we note that he does not mention plea counsel's testimony at the evidentiary hearing explaining her actions or inactions with regard to such pre-trial motions. As noted above, plea counsel explained her correspondence with Brown regarding a Rule 600

_____

[1] Contrary to the requirements of Pennsylvania Rules of Appellate Procedure, Brown presented his argument as to both issues in a single paragraph. **See generally**, Pa.R.A.P. 2119(a). We cite only that portion of the paragraph related to Brown's first issue.

motion for Brown's release on nominal bail, and the PCRA court concluded that he was not prejudiced because the only relief he could have had was a short period of release from custody prior to trial. PCRA Court Opinion, 11/8/22, at 9. As to the suppression motion, the PCRA court first found that there was no indication in the record that Brown asked [counsel] to file such a motion, and the court credited plea counsel's testimony that, believing the warrant was valid, she had no reasonable basis to file the motion. *Id.* at 10.

As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. ***See Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Thus, Brown's first claim of ineffectiveness fails.

In his second issue, Brown asserts that the PCRA court erred in denying his motion to withdraw his no-contest plea, so that he could proceed to trial, due to the ineffective assistance of counsel.[2]

"[A]n unjustified failure to file a direct appeal upon request is prejudice *per se* and . . . a defendant does not have to demonstrate his innocence or

---

[2] Brown's issue actually asserts that he entered a guilty plea. We note that "in terms of its effect upon a case, a plea of [no-contest] is treated the same as a guilty plea." ***Commonwealth v. Prieto***, 206 A.3d 529, 533 (Pa. Super. 2019) (citation omitted).

the merits of the issue he would have pursued on appeal to be entitled to relief." ***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006). In addition, "no discussion of the potential merit of any claims is necessary." ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa. Super. 2011).

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999). . . . However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. ***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. ***Id.***

***Spencer***, 892 A.2d at 842.

Here, the PCRA court summarized the pertinent testimony from the evidentiary hearing and concluded that Brown did not meet this burden:

> [Brown] testified that he sent two (2) letters to [plea counsel], the first requesting her to file a motion to withdraw the [no-contest] plea and the second requesting her to file a direct appeal. [He] presented no evidence other than his own word that the letters were ever sent. [Brown] also admitted that he made no further attempt to contact [plea counsel] even though he had not received a response regarding either of the letters he allegedly sent to her.

> [Plea counsel] testified that she had no reason to believe that [Brown] wanted to file post-sentence motions or a direct appeal because he never contacted her verbally or in writing after he was sentenced. [Plea counsel] stated that she had reviewed the file she kept for [Brown] and found in it his discovery, letters she had received from him, and letters she had sent him. None of these letters indicated that [Brown] wished to withdraw his plea or file a notice of appeal. [Plea counsel] testified that had she received any such request from [Brown], she would have filed the appropriate document.

[The court] found [plea counsel's] testimony to be credible and [Brown's] testimony to not be. Accordingly, [the court] concluded that [Brown] had not requested [plea counsel to] file either a post-sentence motion or notice of appeal because he could not present evidence indicating that he had done so. As [Brown] failed to prove that he ever notified [plea counsel] of his intentions, even when given the opportunity to do so, [plea counsel] cannot be found ineffective for failing to do something she was not requested to do. [Brown's] petition thus sets forth a baseless and unmeritorious allegation of ineffectiveness of counsel without support from the record. [Brown's] second ineffective assistance of counsel claim is therefore without merit and no relief is due.

PCRA Court Opinion, 11/8/22, at 15 (citations omitted).

Our review of the record supports the PCRA court's conclusion. Once again, we note that we cannot disturb the court's credibility determination. *Harmon*, *supra*. Brown's argument to the contrary consists of the remaining portion of the single paragraph:

[Brown] also wanted [plea counsel] to file post-sentence motions to withdraw his no-contest plea. **Exhibit H**. [Plea counsel] never filed any of the requested pre-trial or post-sentence motions or appeals. As a result, [Brown] lost faith in [plea counsel] and his [no-contest] plea was therefore involuntarily entered and a trial should be gra[n]ted.

Brown's Brief at 13.

Exhibit H of Brown's reproduced record consists of a copy of his second supplemental PCRA petition which attached his certification stating that he asked plea counsel to file a post-sentence motion and an appeal. The certification did not include copies of any letters Brown allegedly sent to plea counsel. As noted above, the PCRA court found his testimony, which was

consistent with the certification, not worthy of belief. Thus, Brown's second claim of ineffectiveness fails.

In sum, given the PCRA court's credibility determinations, the PCRA court correctly determined that Brown's ineffectiveness claims lacked merit. We therefore affirm the order denying him post-conviction relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/21/2023*